914 F.2d 1493
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jimmy Ray WIREMAN, Plaintiff-Appellant,
v.
CHOICE CONCRETE PUMPING, INCORPORATED, Defendant-Appellee.
 No. 90-1721.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 23, 1990.
Decided Sept. 25, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CA-88-247-3-16).
 Frank B. McMaster, Tompkins & McMaster, Columbia, S.C., for appellant.
 Robert C. Brown, J.R. Murphy, Brown & Woods, Columbia, S.C., for appellee.
 D.S.C.
 REVERSED AND REMANDED.
 Before K.K. HALL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jimmy Ray Wireman appeals the order of the district court granting summary judgment to Choice Concrete Pumping, Incorporated, on Wireman's negligence claim. We reverse and remand.
 
 I.
 
 2
 Wireman's employment with Choice Concrete was terminated on May 3, 1987. In deposition testimony he claims that after his employment ended, he performed odd jobs for Choice Concrete and was paid through Jeff Rogers, Choice Concrete's sales manager. Wireman further testified that he performed odd jobs with and at the direction of Choice Concrete employee Franklin Carr, his former father-in-law and the person with whom he resided. Carr, however, testified that Wireman did not perform any work for Choice Concrete after his employment was terminated.
 
 
 3
 On the afternoon of May 17, 1987, Carr drove a company truck to his home. One of the tires on the truck was flat and Wireman assisted Carr in removing the tire from the truck. Carr testified that the flat tire was beyond repair and he sent his son to retrieve another tire from Rogers' house. The second tire was also flat and, according to Carr, Wireman offered to take it to a service station to inflate it. Carr claims that he telephoned Rogers to ask for permission for Wireman to assist him and Rogers specifically denied his request. Rogers, however, testified that he did not recall this conversation and had no prior knowledge that Carr needed to repair a flat. Rogers further testified that only ruined tires that were to be recapped were kept at his house and he did not recall anyone obtaining a tire from his house that afternoon.
 
 
 4
 Wireman testified that Carr instructed him to take the tire to a service station and inflate it and that when he asked Carr if the service station had a safety cage, Carr replied that a cage was not required. Carr denies ever discussing a tire cage with Wireman. While Wireman was inflating the tire it exploded, injuring him. Wireman then filed this negligence action against Choice Concrete, alleging that it, by and through its servant Carr, had failed to properly warn, instruct, and supervise him, and failed to provide him with proper tools. Jurisdiction is based upon diversity of citizenship. 28 U.S.C.A. Sec. 1332 (West Supp.1990).
 
 II.
 
 5
 We review the grant of summary judgment by the district court de novo. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir.1987). Summary judgment is proper if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories, and admissions of record, with any supporting affidavits, establishes that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Rule 56 mandates the entry of summary judgment against a party who, after reasonable time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial [and] [t]he moving party is 'entitled to a judgment as a matter of law.' " Id. at 323 (citations omitted). Moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).
 
 
 6
 The district court ruled that Carr acted "outside the scope of his authority and directly contrary to his actual authority." The district court also found that Wireman failed to produce sufficient evidence to support his claim that Carr possessed apparent authority. The court granted summary judgment to Choice Concrete, concluding that Wireman had "failed to establish the existence of the elements of duty and proximate cause essential to his negligence cause of action." Because the record contains conflicting testimony sufficient to raise genuine issues of material fact regarding Carr's actual and apparent authority, we reverse and remand.
 
 REVERSED AND REMANDED